**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW SOMOGYE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | CASE NO. 5:23-CV-02274<br><br>JUDGE ____________<br><br>**MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT** |

In this lawsuit where Plaintiff alleges an accidental spill of coffee or tea, there are no factual allegations that support the notion that Defendant acted with actual malice to support a request for punitive damages. Because Plaintiff is not entitled to punitive damages, he also is not entitled to attorney fees. For these reasons, Defendant United Airlines, Inc., by and through undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss Plaintiff's requests for punitive damages and attorney fees. The arguments in support of this motion are set forth more fully in the accompanying Memorandum in Support. A proposed order granting this motion is being filed contemporaneously with this Motion for the Court's convenience.

Respectfully submitted,

*/s/ Christopher E. Cotter*

Christopher E. Cotter (0084021)
ccotter@ralaw.com
John N. Huffman (0102116)
jhuffman@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

*Attorneys for Defendant United Airlines, Inc.*

**MEMORANDUM IN SUPPORT**

## I. FACTUAL ALLEGATIONS OF THE COMPLAINT

This lawsuit arises out of an alleged accidental spill of coffee or tea while Plaintiff was a passenger on a United Airlines flight. (Comp., at ¶¶ 9, 13-14.) On these facts, Plaintiff brings a single claim for negligence. (Id. at ¶¶ 64-73.) Plaintiff also seeks an award of punitive damages and attorney fees in connection with that negligence claim. (Id. at 11, Prayer For Relief.)

## II. LAW AND ARGUMENT

### A. Plaintiff is not entitled to punitive damages

Plaintiff's factual allegations of an accidental coffee spill are not sufficient to satisfy the standard for "actual malice" necessary to award punitive damages.

The recovery of punitive damages in tort actions is governed by Section 2315.21 of the Ohio Revised Code, which provides that punitive damages are not recoverable from a defendant unless "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." R.C. 2315.21(C). For purposes of proving punitive damages, malice has been defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174, at syllabus (1987).

When proceeding on the "conscious disregard" definition of malice, there must be proof of the defendant's subjective knowledge of the danger posed to another by his conduct. *Estate of Schmidt v. Derenia*, 158 Ohio App. 3d 738, 743-44, 822 N.E.2d 401 (Ohio App. 2004) (citing *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 659 N.E.2d 1242, syllabus (Ohio 1996)). This element "has been termed conscious, deliberate or intentional." *Id.* (quoting *Preston*, 32 Ohio

St.3d at 335). It requires the party "to possess knowledge of the harm that might be caused by his behavior." *Id.* (quoting *Preston*, 32 Ohio St.3d at 335). The defendant's motive for the tortious conduct is highly relevant in assessing the existence of actual malice. *Id.* at 744.

A court may dismiss a request for punitive damages under Rule 12(b)(6) "if the complaint fails to allege sufficient facts to support the request." *Baker*, 2018 WL 2088006 at *5-6; *Parker v. Miller*, 2017 WL 3642372, *3 (S.D. Ohio Aug. 24, 2017) (dismissing a request for punitive damages under Rule 12(b)(6) where the "allegations [did] not provide facts from which a factfinder could infer malice"); *Reber v. Laboratory Corp. of America*, 2015 WL 7076608, *5 (S.D. Ohio Nov. 13, 2015) ("Courts have clearly held that a claim for punitive damages cannot survive if a plaintiff only requests such damages in a prayer for relief without supporting the pleading with factual content that, if proven, would warrant punitive damages.").

Plaintiff's Complaint does not allege facts that would allow the Court to infer conscious, deliberate or intentional conduct by Defendant that, if proven, would support an award of punitive damages. Plaintiff did not allege the United Airlines flight attendant consciously, deliberately or intentionally threw coffee or tea on him. Instead, he alleges an accidental coffee or tea spill occurred during beverage service. (Comp. at ¶¶ 12-14.) The Complaint contains merely conclusory allegations that Defendant "consciously disregarded his safety," but there are no factual allegations to support these conclusory allegations. (*Id.* ¶ ¶ 64, 71-72.) The fact that coffee was spilled, alone, is not sufficient to constitute actual malice. *Spann v. Robinson Property Group, L.P.*, 970 F. Supp. 564 (N.D. Miss. 1997) (punitive damages not warranted when waitress spilled hot coffee on back of customer.). Because no factual allegations allow the court to infer conscious, deliberate, or intentional conduct in this accidental spill of coffee or tea, dismissal of Plaintiff's request for a punitive damages award is warranted.

**B. <u>Plaintiff is not entitled to attorney fees</u>**

Plaintiff also has not alleged any facts that would support an award of attorney fees. We "start with the premise that under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975)). Plaintiff has not alleged any statutory authorization, an established contrary exception, or any basis for an award of attorney fees other than his request for punitive damages. Attorney fees are recoverable as compensatory damages in an action where punitive damages are properly awarded. *Langhorst v. Riethmiller*, 52 Ohio App.2d 137, 368 N.E.2d 328 (1977), paragraph three of the syllabus. Because Plaintiff is not entitled to punitive damages as set forth above, dismissal of Plaintiff's request for attorney fees is also warranted.

Respectfully submitted,

*<u>/s/ Christopher E. Cotter</u>*

Christopher E. Cotter (0084021)
ccotter@ralaw.com
John N. Huffman (0102116)
jhuffman@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

*Attorneys for Defendant United Airlines, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 22, 2023, a copy of the foregoing was served upon the following via electronic mail or regular mail, postage prepaid:

Matthew E. Doney
Brennan, Manna & Diamond, LLC
200 Public Square, Ste. 1850
Cleveland, OH 44114
medoney@bmdllc.com

*Attorney for Plaintiff*

*/s/ Christopher E. Cotter*
Christopher E. Cotter (84021)

*One of the Attorneys for Defendant United Airlines, Inc.*